IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

                                                Case No.  8:13-CR-440 (TJM)

      v.

RYAN STAPLES,                             GOVERNMENT'S SENTENCING
                                                                 MEMORANDUM
         Defendant.

_____

      The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum.

# I

## INTRODUCTION

      On May 22, 2014, the defendant, Ryan Staples, pled guilty to Counts 1-3 of indictment 13-CR-440 (TJM) charging him with production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e).  The defendant is scheduled to be sentenced on October 14, 2014.

      The charges stem from the defendant's production of child pornography involving three separate victims, referred to as "V1," "V2," and "V3."  Agents executed a search warrant at the defendant's residence in October 2013 and seized a Dell computer.  Later, a third party provided agents with a laptop that the defendant had used.  Forensic examinations of the Dell and laptop revealed that the defendant produced the above-mentioned child pornography.

      In or about July 2010, the defendant employed, used, persuaded, induced, enticed and coerced V1, a then 9 year old minor, to take part in sexually explicit conduct.  Specifically, the

defendant photographed and videotaped V1 while V1 was asleep in the defendant's bed. The defendant videotaped while he pulled the covers off of V1, partially removed V1's underwear, and touched V1's genitals.

In or about September 2010, the defendant employed, used, persuaded, induced, enticed and coerced V2, a then 13 year old minor, to take part in sexually explicit conduct. The defendant videotaped and photographed V2 and the defendant engaged in sexually explicit conduct, including oral sex and anal sex. The defendant also videotaped and photographed the defendant touching V2's penis with the defendant's hand.

In or about October 2010, the defendant employed, used, persuaded, induced, enticed and coerced V3, a then 11 year old minor, to take part in sexually explicit conduct. The defendant videotaped V3 engaged in sexually explicit conduct. The defendant videotaped V3 taking off V3's underwear and exposing his erect penis.

In addition, the defendant videotaped V1 and V3 together. The defendant photographed V1 and V3 while they were nude and lying in a bed together. In the photograph, V1 appears to be asleep while V3 appears to be masturbating.

The defendant photographed and videotaped the victims. Then, the defendant transferred those images and videos to his computer and the third party's computer where he stored them and viewed them. The defendant also uploaded an image of V3 to "Website A," a photo-sharing website. In the image, V3's penis appears to be erect underneath V3's underwear.

II

APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

1. **Statutory Maximum and Minimum Sentences**

The defendant's conviction for three counts of production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e) subjects the defendant to the following penalties on each count: a mandatory minimum term of imprisonment of 15 years; a maximum term of imprisonment of 30 years; a lifetime term of supervised release; registration as a sex offender; forfeiture as outlined in the indictment; restitution to the victims; and a maximum fine of $250,000. The defendant is required to pay a special assessment of $300, due and payable at or before sentencing. *See* 18 U.S.C. § 3013.

2. **Guidelines Provisions**

   a. **Offense Level**

      i. **Count 1**

Under the federal sentencing guidelines, the "base offense level" for the defendant's conviction for Count 1 is 32. See U.S.S.G. § 2G2.1. The government agrees with the Probation Department's determination regarding the applicable specific offense characteristics, which result in a ten-level increase. The adjusted offense level for Count 1 is therefore 42.

      ii. **Count 2**

Under the federal sentencing guidelines, the "base offense level" for the defendant's conviction for Count 2 is 32. See U.S.S.G. § 2D1.1. The government agrees with the Probation

3

Department's determination regarding the applicable specific offense characteristics, which result in a ten-level increase. The adjusted offense level for Count 2 is also 42.

### iii. Count 3

Under the federal sentencing guidelines, the "base offense level" for the defendant's conviction for Count 3 is 32. See U.S.S.G. § 2D1.1. The government agrees with the Probation Department's determination regarding the applicable specific offense characteristics. The resulting adjusted offense level for Count 3 is 40.

### iv. Combined offense level

The government agrees with the Probation Department's determination that the total offense level is 50 after the offenses are grouped and after five levels are added pursuant to U.S.S.G. §4B1.5.

### b. Acceptance of Responsibility

It is the government's position that the defendant should not receive credit for acceptance of responsibility. In his plea agreement and during his plea hearing, the defendant admitted that the factual basis of the plea agreement is accurate. However, during his presentence interview, the defendant denied engaging in anal sex with V2. The report indicates the defendant stated there was "no anal sex in that instance" and later stated he "does not recall having anal sex with anyone." PSR ¶ 39. Further, in the addendum to the PSR, defense counsel indicates that the defendant denies engaging in anal sex with V2.

The evidence in this case consists, in part, of images that depict the defendant engaging in anal sex with V2, yet the defendant refuses to admit to his conduct. Accordingly, the defendant should not be given credit for acceptance of responsibility.

4

Under § 3E1.1(a) of the sentencing guidelines, a defendant qualifies for a two-level downward adjustment if the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). The defendant also qualifies for an additional one-level downward adjustment if he clearly demonstrates acceptance of responsibility for his offense and assists the government by pleading guilty in a timely manner. U.S.S.G. § 3E1.1(b).

While a guilty plea and admission of the facts of the offense is generally significant evidence of acceptance of responsibility, the application notes to § 3E1.1 provide, "[T]his evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." U.S.S.G. § 3E1.1, application note 3. The application notes to § 3E1.1 also acknowledge that "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, application note 5.

Indeed, whether a defendant has accepted responsibility is a question of fact best resolved by the sentencing judge. *United States v. Irabor*, 894 F.2d 554, 557 (2d Cir. 1990). "A district court's determination in this regard should not be disturbed unless it is without foundation." *Id*. (citation and internal quotation marks omitted); see also *United States v. Sweeny*, 485 Fed. Appx. 468 (2d Cir. 2012).

Whether the defendant receives credit for acceptance of responsibility does not affect his total offense level because it is greater than 43 in either instance. Pursuant to Chapter 5, Part A of the sentencing guidelines, an offense level greater than 43 must be reduced to 43. Therefore,

as stated below, the defendant's offense level is 43 regardless of whether he receives credit for acceptance of responsibility.

    c.    **Criminal History Category**

According to the presentence report, the defendant's criminal history category is I. The government agrees with the Probation Office's determination of the defendant's criminal history category.

    d.    **Guidelines Range and Sentence**

The defendant's total offense level is 43 and his criminal history category is I. This is consistent with the calculations in the presentence report. As a result of the above-described calculations, the federal sentencing guidelines sections advise that the defendant receive a lifetime term of imprisonment. However, the statutory maximum potential sentence is 90 years imprisonment, therefore 90 years, or 1,080 months, becomes the guidelines term of imprisonment. The guidelines also advise that the defendant receive a fine of between $25,000 and $250,000; a supervised release term of life; registration as a sex offender; and a $100 special assessment.

**III**

**GOVERNMENT'S SENTENCING RECOMMENDATION**

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to a term of 1,080 months imprisonment, which is within the guidelines range, along with registration as a sex offender, a term of supervised release, a $300 special assessment, and restitution to the victims. The sentence that the government

recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2) for the following reasons:

The nature and circumstances of the offense and the history and characteristics of the defendant all weigh in favor of a within guidelines sentence. The facts here establish that the defendant raped and molested three minor victims—a nine year old, an 11 year old, and a 13 year old. Beyond that, the defendant videotaped and photographed the abuse for his own gratification. Prior to abusing the victims, the defendant gave the victims alcohol, cigarettes, and played pornography for them. The defendant's crimes are horrendous and a within guidelines sentence would reflect the seriousness of what the defendant did to his victims, their families, and society.

The defendant's history and characteristics also weigh in favor of a within guidelines sentence. While he does not have a criminal history, the defendant indicated to the Probation Department that he started his own karate business prior to this indictment. The investigation also revealed that the defendant promoted himself as a karate instructor and taught it to children. As noted above, the defendant took steps to "groom" the victims in this case. Considering the defendant's crimes, it is disturbing that he found a way to start a business involving children. Producing child pornography is an extremely serious offense with dramatic consequences for victims and their families. A within guidelines sentence promotes respect for the law and provides just punishment for the defendant's offense.

Under U.S.S.G. §5G1.2(c), if the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, the sentences on all counts must run concurrently unless otherwise provided by law. However, if the sentenced imposed on the

count carrying the highest statutory maximum is less than the total punishment, the sentences must run consecutive to the extent necessary to achieve the total punishment. Here, the defendant should be sentenced to the maximum on each count to run consecutively. The defendant molested and raped three separate victims. Each crime should be punished accordingly and each victim should be considered when the Court determines the defendant's sentence. Moreover, sentencing the defendant to the maximum on each count to run consecutively will achieve the 1,080 month guideline term of imprisonment.

"[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); see, e.g., *Gall v. United States*, 552 U.S. 38, 46 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Moreover, within-guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act--to diminish unwarranted sentencing disparity. *Rita v. United States*, 551 U.S. 338, 354 (2007).[1]

---

[1] The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum. Similarly, if the Court is considering a sua sponte departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. See Fed R. Crim. P. 32(i)(1)(c), 32 (h). Further, the United States respectfully requests that the Court provide the parties with any ex parte communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

Respectfully submitted this 23rd day of September, 2014,

RICHARD S. HARTUNIAN
United States Attorney

By:   */s/ Katherine E. Kopita*
Katherine E. Kopita
Assistant United States Attorney
Bar Roll No. 517944

## CERTIFICATE OF SERVICE

I hereby certify on September 23, 2014, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel for the defendant.

/S/ Katherine E. Kopita