UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA,

               vs.                           Criminal No. 8:13-CR-440 (TJM)

RYAN STAPLES,

               Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW the defendant, Ryan Staples, by and through his counsel, Mark E. Anderson, and submits this Sentencing Memorandum:

I.     INTRODUCTION

On May 22, 2014, pursuant to a plea agreement, Mr. Staples entered guilty pleas to courts one, two and three of the Indictment charging him with the offenses of Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and (c).  His sentencing is presently scheduled for October 14, 2014 in Albany, New York.

II.    GUIDELINES ANALYSIS

Mr. Staples accepts the offense level computation, the criminal history score, and the resulting Sentencing Guidelines range set forth in the Presentence Investigation Report (hereinafter "PSIR") and addendum to PSIR.

III.   PERSONAL BACKGROUND

Mr. Staples adopts the personal and family data set forth in the PSIR and addendum to PSIR all respects.

1

IV.     <u>SENTENCING FACTORS TO CONSIDER</u>

In 2005, the Supreme Court examined the constitutionality of the Federal Sentencing Act, specifically 18 U.S.C. §§ 3553 and 3742.  <u>United States v. Booker</u>, 543 U.S. 220 (2005).   The <u>Booker</u> Court held that the mandatory nature of the Sentencing Guidelines violated the Sixth Amendment to the Constitution, thereby severing subsection (b)(1) of 18 U.S.C. § 3553, as well as subsection (e) of 18 U.S.C. § 3742. <u>Id.</u> at 245-46.  The Court further defined a "reasonableness" standard of review for the imposition of any sentence, and declared the Guidelines advisory.  Furthermore, <u>Booker</u> held that, while considering the applicable Guideline range, the sentencing court may also structure the sentence in light of other statutory concerns.  <u>Id.</u>

The sentencing criteria delineated by the <u>Booker</u> Court are as follows:

(1)   the nature and circumstances of the offense, and the history and characteristics of the defendant;

(2)   the need for the sentence imposed –

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)   to afford adequate deterrence to criminal conduct;

(C)   to protect the public from further crimes of the defendant; and

(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)   the kinds of sentences available;

2

(4)   the kinds of sentence and the sentencing range established for –

A)   the applicable category of offense committed by the applicable

category of defendant as set forth in the guidelines; or

(B)  in the case of a violation of probation or supervised release, the

applicable guidelines or policy statements issued by the Sentencing

Commission pursuant to section 994(a)(3) of title 28, United States

Code, taking into account any amendments made to such

guidelines or Policy statement by act of Congress (regardless of

whether such Amendments have yet to be incorporated by the

Sentencing Commission into amendments issued under section

994(p) of title 28);

(5)   any pertinent policy statement;

(6)   the need to avoid unwarranted sentence disparities among defendants

with similar records who have been found guilty of similar conduct;

(7)   the need to provide restitution to any victims of the offense.  Id. at 268-

70, citing 18 U.S.C.A. § 3553(a).

By holding that the Federal Sentencing Guidelines were merely advisory, the

Booker Court reaffirmed the proposition that a sentencing court may depart from the

applicable guideline range and evaluate each defendant in light of the seven statutory

factors, always mindful that any sentence will be reviewed for its reasonableness.

Included in the post-Booker mandate was the necessity of imposing a sentence

"sufficient, but not greater than necessary, to comply with the purposes set forth" in the

3

statute. 18 U.S.C.A. § 3553(a).   Furthermore, and well prior to <u>Booker</u>, the Supreme

Court stated that "[i]t has been uniform and constant in the federal judicial tradition for

the sentencing judge to consider every convicted person as an individual and every

case as a unique study in the human failings that sometimes mitigate, sometimes

magnify, the crime and the punishment to ensue." <u>Koon v. United States</u>, 518 U.S. 81,

113 (1996).

V.      <u>DEFENDANT'S RECOMMENDATION</u>

        In light of all the facts and circumstances of the instant matter, it is respectfully

requested that the Court deviate downward from the PSIR-delineated sentencing

guideline range of 1,080 months (90 years) incarceration.   While not specifically stated,

this is a life sentence for which this 38-year old defendant will die in prison long before

he is ever eligible for release.   Such an unduly severe sentence is far greater than

necessary to comply with the sentencing purposes of 18 U.S.C. § 3553(a)(2).

        There is no excuse for Mr. Staples' crimes, and he offers none.   However, an

explanation as to why this father of five molested his three child victims is that he was a

child victim himself.   As detailed in the PSIR, MR. Staples was sexually molested at

eight or nine years old by a man who had befriended him in the Boy Scouts.   It can only

be assumed that the trauma suffered at such a young age, combined with an

emotionally abusive and absent mother, informed Mr. Staples' future desires and

actions upon those desires.   It is not a stretch to say that, but for the defendant's own

victimization, he would not have become a victimizer.

4

Regardless of why Mr. Staples chose to sexually molest his three victims, it does not alleviate the physical, emotional and psychological he caused them.  He fully acknowledges and takes responsibility for his actions.  Like so many who are similarly situated, Mr. Staples was ashamed of his thoughts and conduct while he was engaged in the molestation, but continued nonetheless.

Furthermore, Mr. Staples knows that his possession of internet-obtained child pornography certainly contributed to a world-wide industry of production and the victimization of children past and present.  He knows that he, as both a purveyor and solicitor of child pornography, fed the demand for such images.

While Mr. Staples crimes were heinous and horrific, his actions do not warrant a sentence typically reserved for murderers.  Indeed, if he were charged with murder in federal court, the he would be facing a 24 to 30 year prison sentence.  In its memorandum, the government is calling for a sentence of 90 years.  This is simply excessive and unduly punitive.  Mr. Staples understands and accepts that he will be spending many years in prison, and believes that the same is just in light of his crimes.  He also realizes that, as a result of his crimes, he will be absent from his children's lives except through the limited visitation offered by the federal correctional facility in which he will be housed.  Mr. Staples understands that his victims not only include the three boys he molested and the many children whose images he possessed, but his own children as well, whom he has ostensibly abandoned.

Since his incarceration on the instant matter, Mr. Staples has reestablished his relationship with God.  The bible has become a fixture in his life, and the fellowship that

he has been able to experience with like-believing inmates at the Rensselaer Court Jail has brought him some comfort and solace in an austere, cold and unfeeling place.  Mr. Staples wants the Court to know that his faith has helped him to clearly see the depths of his depravity and how he has continued the cycle of sexual abuse by perpetuating upon three innocents what had been perpetuated upon him when he was a boy.

On October 14, 2014, Mr. Staples will appear to receive his punishment.  He will make no excuses or blame anyone but himself.  He will ask the Court for a just and appropriate punishment.  Most importantly, he will express his deep remorse – not because he was caught – but because of the profound and lasting affect that his actions have had on all of his victims, as well as his family.

VI.    <u>CONCLUSION</u>

Mr. Staples respectfully submits that a sentence less than guidelines will serve the interests of justice, will be "sufficient, but not greater than necessary," and will assure a just and appropriate result.

Respectfully submitted,

Anderson & Soloski, LLP

Dated:  September 25, 2014          By: <u>/s/ Mark E. Anderson</u>
                                    Mark E. Anderson (Bar Roll # 514430)
                                    Attorneys for the defendant
                                    14 Durkee Street, Suite 420
                                    P.O. Box 2723
                                    Plattsburgh, New York  12901
                                    (518) 562-8383

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date I filed with the Court via CM/ECF the

foregoing sentencing memorandum.

Dated:  September 25, 2014                By: <u>/s/ Mark E. Anderson</u>
                                                     Mark E. Anderson